JENNIE BOYD et al., Respondents, v. VILLAGE OF KEESEVILLE, Appellant, et al., Defendant.

Third Department, December 5, 1961.

*Thomas A. Robinson* and *Joseph Silverman* for appellant.

*Goldman & Goldman* (*Irving Goldman* of counsel), for respondents.

BERGAN, P. J. In this personal injury action against a village based on a defective sidewalk, the complaint alleges compliance with section 341-a of the Village Law, which requires advance " written notice " of the " condition " by pleading the maintenance of a previous lawsuit against the village for an injury occurring two years before " at the very same location on the very same sidewalk ".

It is further alleged that papers in proceedings to examine defendant before trial in that former action were served within a year before the injury which is the subject of this action.

If all this is true, as we must presume on a motion to dismiss the pleading, it could constitute a sufficient written notice of the " condition " to satisfy the statute, as the court at Special Term has held. The statute does not prescribe the form or content of the " written notice "; and formal papers served on the village concerning the same dangerous condition could be such a notice as might meet the condition precedent to the maintenance of this action.

It is, of course, an open issue to be tried in this case, whether the notice sufficiently pointed to the " same " condition to which

plaintiff Jennie Boyd attributes her accident to meet the statutory requirement.

The order should be affirmed, with $10 costs.

COON, GIBSON, HERLIHY and TAYLOR, JJ., concur.

Order affirmed, with $10 costs.