■ LILLIAN SCHERM et al., Appellants, v. TOWN OF NORTH HEMPSTEAD, Respondent.— In a negligence action to recover damages for personal injuries sustained by plaintiff Lillian Scherm and for her coplaintiff husband's medical expenses and loss of consortium, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered February 8, 1973, in favor of defendant, upon the trial court's dismissal of the complaint at the close of plaintiffs' case at a jury trial on the issue of liability only. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The appeal did not present questions of fact. Plaintiffs' proof established that in 1966 at the direction of the defendant's Superintendent of Highways, employees of defendant inspected and surveyed all its sidewalks. The results of the inspection were reduced to writing and filed with defendant's Highway Department. A similar inspection and survey was conducted in 1967. As part of this project, orange painted markings were made to indicate where repairs were needed. In 1970, Mrs. Scherm tripped and fell at one of the locations marked in orange and noted in the written inspection reports. At the trial, plaintiffs sought to rely on these facts to satisfy the notice requirements of subdivision 2 of section 65-a of the Town Law, which states in substance that no action may be maintained against a town for damages due to defects in its sidewalks unless written notice of the defect was actually given to the Town Clerk or Town Superintendent of Highways and there was a failure to remedy the defect within a reasonable time thereafter. The trial court held that the statutory notice requirements were not satisfied. We disagree. The inspections were ordered by the Superintendent of Highways and the written reports were filed with his department. Thereafter, these reports were the subject of discussion between the superintendent and a civil engineer employed by the Department of Public Works. The latter testified the reports were in the superintendent's physical possession. Moreover, the site where Mrs. Scherm had fallen was marked for several years with orange paint to indicate the repairs were needed. Under these circumstances we conclude the superintendent had actual notice of the defect which allegedly caused Mrs. Scherm's injury and failed to make the defect reasonably safe within a reasonable time after learning of it. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.

■ SHORE LINE INDUSTRIES, INC., Respondent, v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, et al., Defendants.— In an action *inter alia* to recover under a commercial blanket bond, defendant Hartford Accident and Indemnity Company appeals (by permission) from an order of the Supreme Court, Westchester County, entered December 7, 1973, which denied its motion to strike paragraph 30 of the complaint. Order reversed, with $20 costs and disbursements, and motion granted. In our opinion, paragraph 30, which refers to an alleged conversation between counsel for the parties *after* service of the summons with notice, as part of plaintiff's second cause of action seeking $400,000 in punitive damages, should be stricken on the ground that it contains scandalous and prejudicial matter unnecessarily inserted in the complaint. Martuscello, Acting P. J., Latham, Shapiro, Benjamin and Munder, JJ., concur.