ROBERT S. BROOKS, Respondent, v CITY OF BINGHAMTON, Appellant, et al., Defendants.

Third Department, January 27, 1977

*Patrick J. Raymond (Robert W. Kennedy* of counsel), for appellant.

*Singer & Singer (Robert M. Larkin* of counsel), for respondent.

HERLIHY, J. On April 12, 1971 the plaintiff allegedly was caused to fall by an open sidewalk crack which had existed in such condition since at least December 9, 1965. This alleged defect was located about 15 feet westerly of another alleged defective portion of the sidewalk for which a Jeanette Cook had made claim against the defendant city by a notice of claim dated March 8, 1966 and by a complaint dated January

9, 1967. The record contains a memorandum from the Corporation Counsel, dated May 27, 1966, requesting the sidewalk inspector to inspect the condition at 65 Court Street and a reply from the inspector stating that there are *"no* hazards in the sidewalk in front of 65 Court Street (Jupiter)". The request for an inspection states that it is claimed that "the sidewalk needs repair". Upon the present record, there can be no doubt but that the city was given ample written notice that the sidewalk in front of the "Jupiter" store was defective. Further, the record clearly establishes that the particular defect claimed in this case was a part of the condition of the sidewalk in the area referred to in the written memorandum of the Corporation Counsel.

Local Law No. 3 of the Local Laws of 1958 of the City of Binghamton, now codified in the Charter of the City of Binghamton, provides in part: "No civil action shall be maintained against the city * * * unless it is made to appear that written notice * * * relating to the particular time and place and condition of such * * * sidewalk * * * was actually given to the commissioner of public works".

The defendant city contends that the record does not contain written notice of any defect given to the Commissioner of Public Works, and further, that what notice was given was inadequate because it did not describe with particularity the defect blamed by the plaintiff.

It is apparent that the record does not contain direct proof that the written notice alleged in this case ever came to the attention of the Commissioner of Public Works. There is, however, a written memorandum to a "Sidewalk Inspector" who generally would be expected to be a part of the commissioner's office (Charter of City of Binghamton, §§ 71, 73; L 1917, ch 668). For purposes of a motion for summary judgment, there are sufficient allegations of fact to establish the existence of factual issues as to whether the proper official received notice (see *Scherm v Town of North Hempstead,* 45 AD2d 886, app dsmd 36 NY2d 841; cf. *Drzewiecki v City of Buffalo,* 51 AD2d ·870). However, it is also evident that the evidence, as developed at this time, does not *conclusively* establish that the written notice was given to the proper official and, accordingly, the plaintiff was not entitled to summary judgment.

Furthermore, the evidence is sufficient to indicate that the notice, as given, of a general defective condition would proba-

bly have brought the particular condition at issue to the attention of the Commissioner of Public Works or his office. To expect a notice to be as precise as a survey or pinpoint a particular defect when more than one patently exists in the same area is unrealistic and would not further the function of the instant charter provision to give appropriate notice to those charged with the duty to maintain the sidewalk (cf. *Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633; *Flansburg v Town of Elbridge,* 205 NY 423, 430). The characterization of the sidewalk as defective in an area which reasonably encompasses the particular patent defect alleged herein is sufficient to meet the requirement of particularization of the condition of the sidewalk for the purposes of resisting a motion for summary judgment. The question remains one of fact to be determined at the trial (see *Boyd v Village of Keeseville,* 14 AD2d 446).

The order should be modified, on the law, by reversing so much thereof as grants summary judgment in favor of the plaintiff; plaintiff's motion for summary judgment denied, and, as so modified, affirmed, without costs.

KOREMAN, P. J., KANE and MAIN, JJ., concur; GREENBLOTT, J., not taking part.

Order modified, on the law, by reversing so much thereof as grants summary judgment in favor of the plaintiff; plaintiff's motion for summary judgment denied, and, as so modified, affirmed, without costs.