■ LENA HOLT, Respondent, v COUNTY OF TIOGA, Appellant. — Appeal from an order of the Supreme Court at Special Term (Keane, J.), entered December 4, 1980 in Tioga County, which, *inter alia,* denied defendant's motion to dismiss the complaint. Shortly after midnight on November 19, 1978, plaintiff was operating her 1973 Ford pick-up truck in a generally northerly direction on County Road 33 in Tioga County. She alleges that the right wheels dropped into a depression or drop-off on the edge of the pavement which caused her to lose control of the vehicle and resulted in her receiving serious personal injuries. Thereafter, plaintiff commenced an action against defendant alleging that her injuries were the result of defendant's negligence in the maintenance of the highway. By answer, defendant denied the material allegations in the complaint and asserted, as an affirmative defense, plaintiff's failure to comply with Tioga County Local Law No. 2 of 1978 which, in relevant part, provides that no civil action with respect to a highway defect may be maintained against the county unless prior written notice of the dangerous condition or defect has been given to the county. Defendant moved to dismiss the complaint for the above reason and plaintiff countered with, *inter alia,* the assertion that Local Law No. 2 was unconstitutional. It is well established that "The exceedingly strong presumption of constitutionality applies not only to enactments of the Legislature but to ordinances of municipalities as well. While this presumption is rebuttable, unconstitutionality must be demonstrated beyond a reasonable doubt and only as a last resort should courts strike down legislation on the ground of unconstitutionality" *(Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11). Nonetheless, we conclude that Local Law No. 2 does not pass constitutional muster. Article IX (§ 2, subd [c]) of the New York Constitution grants to every local government the power to adopt local laws relating to its property, affairs or government, and the implementing statute clearly provides that the local law may not be inconsistent with any general law relating to its property, affairs or government (Municipal Home Rule Law, § 10, subd 1, par [i]). A general law is defined as one "which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages" (NY Const, art IX, § 3, subd [d], par [1]). Section 139 of the Highway Law is such a general law and it permits the maintenance of the civil action against the county in consequence of the negligence of the county, its officers, agents or servants for defective, out of repair, unsafe, dangerous or obstructed highways. There is no prior written

notice provision. Hence, Local Law No. 2 is incompatible and unharmonious with the general law, inconsistent with it (see *Town of Clifton Park v C.P. Enterprises,* 45 AD2d 96), and, therefore, unconstitutional insofar as it requires prior written notice. Defendant's reliance upon *Klimek v Town of Ghent* (71 AD2d 359) is misplaced. Our holding there was based upon section 10 (subd 1, par [ii], cl d, subcl [3]) of the Municipal Home Rule Law and the town's usage of the power it conveys. While the Legislature has seen fit to specifically provide villages (Village Law, § 6-628) and towns (Town Law, § 65-a) with the power to enact prior notice provisions, it has consistently withheld its approval of such legislation for counties. Accordingly, since Tioga County's Local Law No. 2 of 1978 is plainly inconsistent with the general law to the extent that it requires prior written notice of defects, it is unconstitutional and the plaintiff is entitled to summary judgment to that effect. Order modified, on the law, by adding thereto a paragraph striking the second affirmative defense in the answer, and, as so modified, affirmed, with costs to plaintiff. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.