■ LEONA M. HOLT, Appellant, v COUNTY OF TIOGA, Respondent. — Appeal (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered October 12, 1982 in Tioga County, which granted defendant's motion for summary judgment dismissing plaintiff's complaint, and (2) from the judgment entered thereon. Plaintiff was injured in an accident on West Creek Road in Tioga County when the right wheels of the pickup truck she was driving fell into a depression or drop-off on the edge of the pavement causing the vehicle to veer across the highway and collide with a tree. Suit was brought against the

county for negligently maintaining the shoulder. The county interposed as an affirmative defense that it had not been given prior notice of the defective condition as was required by Tioga County Local Law No. 2 of 1978. Our earlier decision declaring the local law repugnant to section 139 of the Highway Law and therefore unconstitutional (82 AD2d 991) was reversed on appeal (56 NY2d 414). On remittal, Special Term found that prior notice of the shoulder condition giving rise to the accident had not been furnished, dismissed plaintiff's estoppel and constitutional arguments, and granted summary judgment in favor of defendant. Plaintiff contends that Local Law No. 2 contravenes the due process and equal protection clauses of the Fourteenth Amendment of the Federal Constitution. Initially, we note that since neither we nor the Court of Appeals expressly addressed these particular constitutional claims earlier, the doctrine of law of the case does not hinder our consideration of them now (see *Barrett v State Mut. Life Assur. Co.,* 58 AD2d 320, affd 44 NY2d 872, cert den 440 US 912). As for the merits of this argument, we find no constitutional violation. The right to sue a subdivision of the State for negligence in the performance of a governmental function is founded upon statute and the legislative authority involved may properly limit such right as it sees fit (*Matter of Brown v Board of Trustees of Town of Hamptonburg, School Dist. No. 4,* 303 NY 484, 489; *MacMullen v City of Middletown,* 187 NY 37). Since Local Law No. 2, which was in effect at the time of the accident, defined a right to sue only if prior written notice had been given to the county, the absence of such notice means that plaintiff never possessed a vested right to bring an action. Moreover, the statute possesses a rational basis in that it enables the county to protect the traveling public (*Martin v City of Cohoes,* 37 NY2d 162, 166); for these reasons we find no denial of due process. We also reject the argument that Local Law No. 2 has been applied in an impermissibly retroactive manner. This position is based upon the premise that the alleged defect in the shoulder of the road existed prior to the enactment of the statute and that the county should not be permitted to legislate away liability for such a defect by imposing a prior notice requirement. Plaintiff's focus solely on the existence of the defect is, however, misguided because her purported right to sue could not have vested until the occurrence of the accident, at which point Local Law No. 2 had been in effect for over four months. Thus, the statute has not been retroactively applied (see *Dodin v Dodin,* 17 Misc 35, 40, affd 16 App Div 42, affd 162 NY 635). The equal protection argument is similarly unavailing. All victims involved in Tioga County accidents caused by improper highway maintenance are required to demonstrate prior notice. Furthermore, it is not illogical to allow each county to determine whether a prior written notice ordinance is desirable, for each is responsible for the maintenance of certain roadways within its geographical jurisdiction and dissimilar local road conditions exist in different parts of the State. With respect to the assertion that the notice requirement of the local law had indeed been complied with, the most sanguine showing plaintiff makes is that a resident of the West Creek Road area had, once in 1976 and again 13 days before the accident, complained to the county about the condition of the road's shoulder. Each complaint was directed at a point concededly located at least one-quarter mile away from the place where plaintiff's truck left the highway; Special Term quite correctly found this to be inadequate notice. While the local law is silent as to the specificity required of the prior notice, it should at the very least be such that it would "probably have brought the particular condition at issue" to the attention of the authorities (*Brooks v City of Binghamton,* 55 AD2d 482, 483-484). Notification of a hole in the shoulder of the road a quarter of a mile from the accident scene did not create an

awareness of the defect which is at the center of this controversy. Moreover, the fact that county personnel, in the course of responding to these complaints, may have driven by the site which allegedly precipitated the accident does not render the county liable. Except where unusual circumstances are shown to prevail (see *Blake v City of Albany,* 63 AD2d 1075, affd 48 NY2d 875, where the area in question was inspected on an almost daily basis by the city to ensure against the very danger which caused the accident), it is the prior written notice and not possible actual or constructive knowledge on the municipality's part which affords the plaintiff the right to recover under these statutes (*MacMullen v City of Middletown,* 187 NY 37, 47, *supra*); thus, the notice provision must be strictly respected. Finally, we reject the contention that the county should be estopped from taking refuge in the local law because it failed to observe the statute's record-keeping provisions which require that "the County Clerk and the County Superintendent of Highways shall keep an indexed record, in a separate book, of all notices which they shall receive". Apparently only the superintendent of highways kept such a record. Not only is the language of the statute unclear concerning the responsibility of each to keep a separate record, but defendant did in fact receive the information respecting prior notifications from the superintendent of highways; more importantly, nothing in the record indicates plaintiff relied to her detriment upon the county's failure to maintain a duplicate set of these records (see *Andersen v Long Is. R.R.,* 88 AD2d 328, 342). Order and judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.