■ JAMES J. BARRETT, Appellant, v CITY OF BUFFALO, Respondent. — Judgment unanimously reversed, on the law and facts, with costs, motion denied, and a new trial granted. Memorandum: Plaintiff was injured when he stepped upon the cover of a water valve box located in the bed of South Park Avenue in the City of Buffalo. The cover tipped, and plaintiff's foot and heel entered the water valve box, resulting in injury to the heel. The parties agree that no prior written notice of a defect in the box or cover was served upon the city clerk pursuant to section 362 of the Buffalo City Charter. The issue on appeal is whether, under the facts of this case, such notice was essential to plaintiff's cause of action. In dismissing the complaint at the close of plaintiff's case, the trial court found that it was. We disagree. A municipality has the duty to keep its streets in good repair, and where it has actual or constructive notice of a

defect and fails to correct the defect, a municipality is liable for an injury caused thereby (*Blake v City of Albany,* 48 NY2d 875). While prior written notice laws serve to limit or reduce a municipality's duty, they are in derogation of the common law and are to be strictly construed (*Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362). Their effect is to insulate the municipality from liability for defects in streets and sidewalks which are the result of nonfeasance (*Barry v Niagara Frontier Tr. System,* 35 NY2d 629). Thus where there is no evidence that the municipality caused the defect, compliance with a prior written notice law is an element of the cause of action and must be proved (*Shaw v City of Auburn,* 91 AD2d 817, affd on mem below 59 NY2d 780). Liability will attach without prior written notice, however, if the injury was produced by a dangerous condition caused or created by the municipality (*Muszynski v City of Buffalo,* 33 AD2d 648, affd on opn below 29 NY2d 810). The proof at trial demonstrated that the city water department had received two reports that the water box cover was defective. Both reports emanated from the 15th Precinct of the police department. The first was by telephone on June 9, 1977 and the second was a written report dated June 17, 1977. The records of the water department indicated that in response to these reports it took the following action: On June 10, 1977 it replaced the cover and on June 21, 1977 it found it "repaired". Plaintiff was injured on June 28, 1977 and he testified that immediately after his injury he examined the water box and observed that one of two flanges which held the cover was worn away. The evidence showed that the box was 70 to 80 years old. It was plaintiff's theory at trial that one of the flanges in the box on which the cover should have laid was so worn away that the cover did not support plaintiff's weight when he stepped upon it. The inference to be drawn from plaintiff's unrebutted evidence is that the placement of the cover on the box without repairing the flanges was to create a trap. The evidence was thus sufficient to give rise to a jury question as to whether the city created a dangerous condition by placing a cover on an inadequate and unsuitable support. Thus defendant's motion to dismiss should not have been granted (see *Nicholas v Reason,* 84 AD2d 915). (Appeal from judgment of Supreme Court, Erie County, Cook, J. — negligence.) Present — Dillon, P. J., Doerr, Denman, Boomer and Schnepp, JJ.