■ ROSEMARY LEARY, Appellant, v CITY OF ROCHESTER, Respondent.—Order affirmed, without costs. Memorandum: Plaintiff appeals from an order granting summary judgment to defendant in this personal injury action, on the ground that plaintiff failed to comply with the prior written notice provision set forth in Rochester City Charter § 7a-13. Plaintiff contends that prior written notice of a defective condition of the sidewalk on property adjacent to the area in which she fell satisfies the notice requirement. We disagree. Unlike the circumstances in *Brooks v City of Binghamton* (55 AD2d 482, 483), relied upon by plaintiff, the defect causing plaintiff's injury was isolated from, and not, therefore, "a part of the condition of the sidewalk" in the area complained of in the prior notice. Although prior notice provisions are to be strictly construed against the city *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362; *Barrett v City of Buffalo,* 96 AD2d 709, 710), in our view there was no compliance with the notice provision of the Rochester City Charter *(see, Holt v County of Tioga,* 95 AD2d 934, *mot to dismiss appeal granted* 60 NY2d 701).

All concur, except Dillon, P. J. and Doerr, J., who dissent and vote to reverse the order and deny the motion, in the following memorandum.

Dillon, P. J., and Doerr, J. (dissenting). We respectfully dissent. The court erred by granting summary judgment to defendant City of Rochester on the ground that plaintiff failed to comply with the prior written notice provisions of the Rochester City Charter.

The requirement of written notice of defective conditions may be validly imposed by a municipality *(Holt v County of Tioga,* 56 NY2d 414, *on remand* 95 AD2d 934, *mot to dismiss appeal granted* 60 NY2d 701). However, such requirements are in derogation of the common law and are to be strictly construed *(Barrett v City of Buffalo,* 96 AD2d 709, 710). Viewed in this light, plaintiff has raised a sufficient factual question concerning compliance with the prior notice provision to preclude summary judgment to the city on this issue.

On April 28, 1982, plaintiff was injured when she fell on a portion of the sidewalk in front of 150 Rossiter Road in the City of Rochester. She alleges that her fall was caused by the defective condition of the sidewalk. Plaintiff contends that the city had prior written notice of the defect because, on July 29, 1981, Jean Burns, a resident of 146 Rossiter Road, notified the city, by letter, that portions of the sidewalk in front of 146 Rossiter Road were crumbling and in need of repair. The letter also provides that "[o]ther sections are beginning to break up but this one in particular is definitely coming apart." The property located at 146 Rossiter Road is immediately adjacent to the property at 150 Rossiter Road, and only 28 to 30 feet from the spot where plaintiff fell.

In *Brooks v City of Binghamton* (55 AD2d 482), plaintiff was injured when he fell on a sidewalk crack about 15 feet from a defective portion of sidewalk for which another resident had given the city prior written notice. The court held that the city was not entitled to summary judgment on the issue of prior written notice. The court stated: "[t]o expect a notice to be as precise as a survey or pinpoint a particular defect when more than one patently exists in the same area is unrealistic and would not further the function of the instant charter provision to give appropriate notice to those charged with the duty to maintain the sidewalk" *(Brooks v City of Binghamton, supra,* p 484). The test on a motion for summary judgment is whether the area for which the prior notice of defect was filed "reasonably encompasses" the particular patent defect alleged

in the subsequent action *(Brooks v City of Binghamton, supra,* p 484). In our view, plaintiff has raised sufficient allegations to require a trial on the issue of whether the portion of the sidewalk of which the city had prior written notice of defect "reasonably encompasses" the area where plaintiff sustained her injuries.

The holding in *Holt v County of Tioga* (95 AD2d 934, *mot to dismiss appeal granted* 60 NY2d 701, *supra)* does not require a contrary result. In that case, plaintiff was injured when the right wheels of the vehicle she was driving fell into a depression in the shoulder of the roadway. The closest defect the county had notice of was at least one quarter of a mile away from the point where plaintiff's truck left the highway. It was determined, as a matter of law, that an area one-quarter mile away did not "reasonably encompass" the area where plaintiff was injured. In the present case, plaintiff was injured because of a defect in a sidewalk only 30 feet, at most, from a portion of sidewalk for which the city had written notice of defect. (Appeal from order of Supreme Court, Monroe County, Fritsch, J.—summary judgment.) Present—Dillon, P. J., Doerr, O'Donnell, Pine and Schnepp, JJ.