■ GRACE O'ROURKE et al., Respondents, v TOWN OF SMITHTOWN, Appellant, and PAUL WEISS, Respondent.—In a negligence action to recover damages for personal injuries, etc., the defendant Town of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 23, 1986, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and a cross claim against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint

and cross claim are dismissed against the defendant Town of Smithtown, and the plaintiff's action against the remaining defendant is severed.

On September 3, 1984, the plaintiff Grace O'Rourke fell on the sidewalk in front of the home of the defendant Paul Weiss at 148 Maple Avenue, Smithtown, New York. The alleged dangerous condition is a raised sidewalk attributed to tree roots in the area. The plaintiffs' complaint alleges that Grace O'Rourke fell as the result of a defective and dangerous condition "in and upon the public sidewalk".

Following depositions, the defendant town moved for summary judgment dismissing the plaintiff's complaint insofar as it is asserted against it on the ground that there was no prior written notice of the alleged defective condition of the sidewalk. The plaintiffs contend that there was notice given to the town involving sidewalk defects in other areas of Maple Avenue and that there was a triable issue as to creation of the defect by the town. The Supreme Court, Suffolk County, denied the motion. We disagree and reverse.

The written notice provision is contained in Town Law § 65-a (2) which provides, in part, as follows: "2. No civil action shall be maintained against any town * * * for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless written notice thereof, *specifying the particular place,* was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied * * * or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice" (emphasis supplied).

Here, the town established by affidavit and deposition that no prior written notice had been given to the town with regard to the alleged defective sidewalk at issue. In opposition to the motion, it was incumbent upon the plaintiffs to come forward with proof so as to establish either prior written notice or evidence that the condition was caused or created by the town and thereby raise a triable issue of fact. The plaintiffs failed to sustain that burden *(see, Zigman v Town of Hempstead,* 120 AD2d 520).

The plaintiffs' contention that the town had actual notice of the sidewalk condition involved in this case because of telephonic notice as to a defective sidewalk at 186 Maple Avenue, approximately 507 feet distant from the accident site, and at 173 Maple Avenue, approximately 424 feet from the site, is

without merit. These other areas on Maple Avenue were isolated from and not part of the condition of the sidewalk in the area where the plaintiff Grace O'Rourke fell, and they could not "create an awareness of the defect which is at the center of this controversy" nor could they provide the required prior written notice *(see, Holt v County of Tioga,* 95 AD2d 934, 935-936, *appeal dismissed* 60 NY2d 701, 466 US 919; *see also, Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866). Further, the cross claim by the defendant Weiss against the town must also be dismissed *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629; *Kramme v Town of Hempstead,* 100 AD2d 447).

Finally, the plaintiffs and the codefendant Weiss failed to offer any proof that the town caused or created the dangerous condition in the sidewalk. Accordingly, summary judgment dismissing the complaint insofar as it is asserted against the town, and the cross claim against the town, is granted. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.