■ ELLYN SCHUSTER, Respondent, v TOWN OF HEMPSTEAD et

al., Appellants, and PATRICIA COOK, Respondent. (Action No. 1.) PATRICIA COOK, Respondent, v TOWN OF HEMPSTEAD et al., Appellants. (Action No. 2.) (And a Third-Party Action and Another Action.)—In jointly tried negligence actions to recover damages for personal injuries, (1) the defendants Town of Hempstead and Strata Land Developers, Inc., separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Nassau County (Roncallo, J.), dated August 1, 1985 and entered in action No. 1, which, upon a jury finding that the defendant Town of Hempstead was 90% at fault and the defendant Strata Land Developers, Inc., was 10% at fault in the happening of the accident, is in favor of the plaintiff in action No. 1 and against them in the principal sum of $65,000; and (2) Strata Land Developers, Inc., appeals from so much of a judgment of the same court, dated August 26, 1985 and entered in action No. 2, as is in favor of the plaintiff in action No. 2 and against it in the principal sum of $3,500.

Ordered that the judgments are affirmed insofar as appealed from, with one bill of costs.

The Town of Hempstead has the right to require prior written notice of an alleged defect as a condition precedent to the plaintiffs maintaining an action against it for injuries sustained by reason of a defective, unsafe or out-of-repair highway *(see,* Hempstead Town Code § 6-1; *Zigman v Town of Hempstead,* 120 AD2d 520). However, the town's contention on appeal that such prior written notice must emanate from a private citizen is meritless *(see, Brooks v City of Binghamton,* 55 AD2d 482; *Scherm v Town of N. Hempstead,* 45 AD2d 886, *appeal dismissed* 36 NY2d 841; *Ostermeier v Victorian House,* 126 Misc 2d 46; *Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso,* 110 Misc 2d 688), as is its contention that the written notice relied upon by the plaintiffs lacked sufficient particularity. Prior notice provisions must be strictly construed against the town *(see, Doremus v Incorporated Vil. of Lynbrook,* 18 NY2d 362), and Hempstead Town Code § 6-1 does not provide any basis for differentiating between the degree of specificity required in the notice depending on the source of the notice. The defect alleged to have caused the accident in this case fell well within the scope of the defective conditions reported in the written notice relied upon by the plaintiffs, and said notice should certainly have brought the defective condition at issue to the attention of the Commissioner of the Town Highway Department *(see, Brooks v City of Binghamton, supra; cf., Leary v City of Rochester,* 115

AD2d 260, *affd* 67 NY2d 866; *Holt v County of Tioga,* 95 AD2d 934, *appeal dismissed* 60 NY2d 701).

Contrary to the appellants' assertions, the plaintiffs in both actions succeeded in establishing a prima facie case, and any inconsistencies in the testimony of the plaintiffs in both actions presented factual issues for the jury, the resolution of which this court will not lightly disturb *(see, Nicastro v Park,* 113 AD2d 129). Similarly, the defendant town established that Strata Land Developers, Inc., a contractor, had, pursuant to its contract with the town, certain maintenance responsibilities at the location where the accident occurred at the time when it occurred, and the issue of whether or not Strata was negligent in its failure to comply with those obligations was properly left to the jury.

Lastly, we note that photographs of the accident site which were taken the day after the accident were not erroneously admitted into evidence, as the plaintiff in action No. 2, Patricia Cook, stated that those photographs accurately depicted the condition of the roadway immediately after the accident, with certain minor exceptions, and there was no evidence that the road's condition was altered by reason of the accident *(see, Batton v Elghanayan,* 43 NY2d 898; *Catanese v Quinn,* 29 AD2d 675; *Isler v Starke,* 18 AD2d 1027). Proper limiting instructions were given by the court. That the photographs show a barricade-type device over the manhole would only be cumulative of the existence of a defect that was well documented in the evidence. The defendants do not contend that the verdict as to damages was excessive, so the appearance of Patricia Cook, the driver of the car in which Ellyn Schuster was a passenger, in the photographs was not prejudicial. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.