■ ELIZABETH GOLDSTON, Appellant, v TOWN OF BABYLON, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Gerard, J.), dated March 2, 1988, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages resulting from her fall on a sidewalk maintained by the defendant. The complaint did not contain any allegation that the town created the defective condition. In its answer, the town asserted, *inter alia,* that the action was barred by Town Law § 65-a and Local Laws, 1980, No. 2 of the Town of Babylon.

The town moved for summary judgment dismissing the complaint based upon the plaintiff's failure to allege that she had given the town prior written notice specifying the location

of the accident. The plaintiff cross-moved for an examination before trial of the town's Superintendent of Highways. The Supreme Court granted the defendant's motion for summary judgment and denied the plaintiff's cross motion as academic.

It is clear that the complaint falls within the requirements of Town Law § 65-a (2), which provides, in relevant part: "No civil action shall be maintained against any town * * * for damages or injuries to person or property sustained by reason of any defect in its sidewalks * * * unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied * * * within a reasonable time after the receipt of such notice".

It was incumbent upon the plaintiff to both plead and prove that prior written notice had been given to the town *(see, Abbatecola v Town of Islip,* 97 AD2d 780). The complaint does not allege that written notice was given to the town. As the complaint did not state a cause of action against the town, it was subject to dismissal *(see, Barry v Niagara Frontier Tr. Sys.,* 35 NY2d 629).

In support of its motion for summary judgment, the town tendered evidentiary proof in admissible from which indicated that it had no record of any written notice with respect to the subject defect in the sidewalk *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067; *Zigman v Town of Hempstead,* 120 AD2d 520; *Abbatecola v Town of Islip, supra).* The plaintiff failed, in opposition to the motion, to come forward with proof that written notice had been given to the town or that the town was affirmatively negligent so as to create an issue of fact necessitating a trial. While the town may have received written notice with respect to other defects in an area nearby the accident site, this does not warrant a different result *(see, Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866; *Holt v County of Tioga,* 95 AD2d 934, *mot to dismiss appeal granted* 60 NY2d 701; *cf., Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). Mangano, J. P., Bracken, Kunzeman and Balletta, JJ., concur.