■ DORIS MICHELA et al., Appellants, v COUNTY OF NASSAU, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated August 16, 1990, which granted the County of Nassau's motion for summary judgment.

■ DORIS MICHELA et al., Appellants, v COUNTY OF NASSAU, Defendant, and VILLAGE OF LYNBROOK, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lockman, J.), dated December 1, 1989, which granted the Village of Lynbrook's motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Doris Michela was allegedly injured when she tripped over a raised slab of sidewalk which was caused by the overgrowth of the roots of an adjacent tree. The Village of Lynbrook moved for summary judgment on the ground that it had received no prior written notice of defect, as required by Village Law § 6-628.

Michela does not allege that she complied with the prior written notice statute contained in the Village Law. However, she argues that no prior written notice was necessary because: (1) the Village created the dangerous condition by its affirma-

tive negligence in planting the tree, and (2) the Village had actual knowledge of the defect due to "at least ten (10) repairs made to the sidewalk * * * on the same block". We disagree.

Michela has failed to put forward any evidence that the Village planted the tree in question. Conclusory allegations are insufficient to defeat a motion for summary judgment *(see, Spearmon v Times Sq. Stores Corp.,* 96 AD2d 552). Moreover, assuming arguendo that the Village had planted the tree, such an act, in addition to the Village's failure to control the roots of the tree, would at most constitute nonfeasance, not affirmative negligence *(see, Zizzo v City of New York,* 176 AD2d 722 [decided herewith]; *Monteleone v Incorporated Vil. of Floral Park,* 74 NY2d 917).

Michela has also failed to support her allegation of 10 prior repairs on the same block. The record indicates that *some* repairs were made in 1979 by the County of Nassau, not the Village. In any event, a County construction inspector testified that these repairs were 100 feet south or "several hundred feet north" of the site of the accident. These areas were isolated from and not part of the condition of the sidewalk where the plaintiff fell. Thus, they cannot be said to "create an awareness of the defect which is at the center of this controversy" *(Holt v County of Tioga,* 95 AD2d 934, 935-936; *see also, O'Rourke v Town of Smithtown,* 129 AD2d 570; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866). Additionally, those repairs took place in 1979, some five years prior to the present action. Under these circumstances, it cannot be said that having done repairs on the same block would make the Village aware of a defect which likely did not even exist at the time of the repairs to the other areas of the block.

The court, therefore, properly granted summary judgment to the Village *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.