■ JANET MENDOLIA et al., Respondents, v MAYER J. SAAD et al., Defendants, and UPJOHN COMPANY, Appellant. [609 NYS2d 843] —In an action to recover damages for personal injuries, etc., based, *inter alia,* on product liability and medical malpractice, the defendant Upjohn Company appeals from an order of the Supreme Court, Queens County (Katz, J.), dated July 11, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiffs have raised triable issues of fact, such as whether the drug manufactured by the appellant caused the injured plaintiff's breast cancer, whether the treating physician's use of the drug was reasonably foreseeable, and whether the warnings which accompanied the drug were adequate *(see, Zuckerman v City of New York,* 49 NY2d 557; *Johnson v Johnson Chem. Co.,* 183 AD2d 64; *Baker v St. Agnes Hosp.,* 70 AD2d 400; *cf., Martin v Hacker,* 83 NY2d 1). The Supreme Court therefore properly denied the appellant's motion for summary judgment *(see,* CPLR 3212). Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.

■ CHARLES MISTRETTA et al., Appellants, v TOWN OF NORTH HEMPSTEAD, Respondent. [609 NYS2d 844] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered December 4, 1991, which granted the defendant's motion to dismiss the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly dismissed the complaint based upon the plaintiffs' failure to meet the written notice requirements set forth in Town Law § 65-a (2) and the Town of North Hempstead Code § 26-1 *(see, O'Rourke v Town of Smithtown,* 129 AD2d 570). Bracken, J. P., Miller, Copertino, Santucci and Altman, JJ., concur.