■ VIRGINIA CURCI et al., Appellants, v CITY OF NEW YORK, Respondent. [619 NYS2d 98] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Lerner, J.), entered November 18, 1992, which granted the defendants' motion to dismiss the complaint.

Ordered that the order and judgment is affirmed, with costs.

The Administrative Code of the City of New York provides that no civil action shall be maintained against the City of New York for personal injuries sustained as a result of a sidewalk defect unless it appears that written notice of the defective condition was actually given to the New York City Commissioner of Transportation or any person or department authorized by the Commissioner to receive notice *(see,* Administrative Code of City NY § 7-201). Here, the record established that the City did not have written notice of the defect which allegedly caused the plaintiff's injuries, i.e., a depression in a grassy area lying between the curbline and sidewalk. Although the City did have notice of two raised portions of the adjacent sidewalk "a short distance away" and a broken curb "a couple of feet away", these noticed defects were isolated from and not part of the allegedly defective condition existing in the grassy area *(see, Leary v City of Rochester,* 115 AD2d 260; *see also, Michela v County of Nassau,* 176 AD2d 707, 708; *O'Rourke v Town of Smithtown,* 129 AD2d 570, 572). In short, the defect which allegedly caused the accident in question did not fall within the scope of the defective conditions reported

and, consequently, such notices would not necessarily have brought the depression in the grassy area to the attention of the New York City Commissioner of Transportation (cf., Schuster v Town of Hempstead, 130 AD2d 481, 482).

After examining the photographs of the subject defect, we conclude that, contrary to the plaintiffs' contention, there is no triable issue regarding constructive notice on the part of the City (cf., Ferlito v Great S. Bay Assocs., 140 AD2d 408). Similarly, there is no triable issue as to whether the City created the allegedly defective condition. Indeed, while the plaintiff claims that the subject depression was in fact a hole which measured "easily two feet deep" and which was created by the City to house the concrete footing for a street signpost, the photographs clearly show a depth of, at most, a few inches. Accordingly, we conclude that the Supreme Court properly granted the City's motion to dismiss the complaint. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.