■ ELIZABETH A. HARRINGTON et al., Respondents, v CITY OF PLATTSBURGH, Appellant. [627 NYS2d 838] —Crew III, J. Appeal from an order of the Supreme Court (Plumadore, J.), entered June 6, 1994 in Clinton County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

On September 11, 1991, plaintiff Elizabeth A. Harrington (hereinafter Harrington) fell and sustained serious injuries when she caught her foot in a broken piece of sidewalk at or near 26-28 Montcalm Avenue in the City of Plattsburgh, Clinton County. As a consequence, Harrington and her husband commenced this action against defendant alleging negligence in the construction and maintenance of the sidewalk. Following joinder of issue, defendant moved for summary judgment and plaintiffs cross-moved to amend their complaint. Supreme Court denied defendant's motion and granted plaintiffs' cross motion. Defendant appeals.

Defendant contends that it was entitled to summary judgment as to the cause of action alleging negligent maintenance of the sidewalk on the ground that plaintiffs did not plead and prove prior written notice of the alleged dangerous condition. The Plattsburgh City Code provides, in relevant part, that no action shall be maintained against the City for injuries sustained by reason of a sidewalk being unsafe or dangerous unless written notice of the unsafe or dangerous condition is actually given to the Superintendent of Public Works. The record reflects that in 1990, a concrete sidewalk survey was compiled by personnel of the Department of Public Works indicating that three blocks of concrete at 26-28 Montcalm Avenue needed to be replaced. The results of that survey were thereafter forwarded to the Mayor and members of the Common Council. Under the circumstances, it seems clear that the written notice requirements have been complied with (*see, Brooks v City of Binghamton*, 55 AD2d 482; *Scherm v Town of N. Hempstead*, 45 AD2d 886, *appeal dismissed* 36 NY2d 841).*

Moreover, while it is true that plaintiffs did not plead prior written notice, where the record evidence plainly reveals that

---

* We should point out that whether the defects noted in the survey refer to the precise condition to which Harrington attributes her accident is a question of fact to be determined at trial, but "[t]he characterization of the sidewalk as defective in an area which reasonably encompasses the particular patent defect alleged * * * is sufficient to meet the requirement of particularization of the condition of the sidewalk for the purposes of resisting a motion for summary judgment" (*Brooks v City of Binghamton, supra*, at 484; *see, Boyd v Village of Keeseville*, 14 AD2d 446; *compare, Michela v County of Nassau*, 176 AD2d 707).

plaintiffs have a valid cause of action, pleading deficiencies should not deprive them thereof. Accordingly, in view of the particular circumstances present here, upon submission of a proposed amended complaint alleging prior written notice plaintiffs may apply to Supreme Court for leave to serve such complaint (*see, Babtkis Assocs. v Tarazi Realty Corp.*, 34 AD2d 754; *Irving Fin. Corp. v Wegener*, 30 AD2d 958; *Northern Operating Corp. v Anopol*, 25 AD2d 551).

Next, defendant contends that Supreme Court erred in failing to grant it summary judgment with regard to plaintiffs' claim of negligent construction. We disagree. In support of its motion defendant submitted the affidavit of an engineer who opined, *inter alia*, that the missing piece of sidewalk that caused the fall was not the result of the construction of the sidewalk, but rather of normal wear and tear due to 30 years of use and exposure to environmental conditions. In opposition, plaintiffs proffered the affidavits of three experts, one of whom opined that the sidewalk was constructed without expansion joints and reinforcement wire mesh which was not in accordance with safe construction standards and had it been so constructed the sidewalk would have held together and such construction would have been a delay factor in the breaking off of the piece of sidewalk which caused Harrington's fall. Another expert was of the opinion that one of the causes of the break-off of the sidewalk was a failure to install expansion joints and reinforcing wire mesh. Given the competing and contradictory conclusions as to the cause of the missing piece of sidewalk, there clearly exist questions of fact for resolution at trial, an issue essentially conceded by counsel at oral argument.

Mikoll, J. P., White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.