■ MELISSA JONES, an Infant, by CHRISTINE JONES, Her Parent and Natural Guardian, Appellant, v TOWN OF BROOKHAVEN, Respondent. [642 NYS2d 708] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 31, 1995, which granted the defendant's motion for summary judgment dismissing the complaint for failure to comply with Town Law § 65-a and Town of Brookhaven Code § 84-1 (B).

Ordered that the order is affirmed, with costs.

The plaintiff claims that she was injured when, at 10:00 P.M. on August 19, 1992, she tripped over a pothole in front of either 58 or 59 Clearview Avenue. According to her, the Town had prior notice of this defective condition because in April 1992 the resident of 65 Clearview Avenue had reported a pothole in front of his house, which the Town had repaired in June 1992.

Notice of one isolated pavement defect does not, without more, qualify as notice to a municipality of another pavement defect just because it happens to be nearby (*see, e.g., Goldston v Town of Babylon,* 145 AD2d 534; *O'Rourke v Town of Smithtown,* 129 AD2d 570; *Leary v City of Rochester,* 115 AD2d 260, *affd* 67 NY2d 866; *Holt v County of Tioga,* 95 AD2d 934). Although there is some authority for the proposition that notice will be deemed adequate where the Town has received a complaint relative to "an area which reasonably encompasses the particular patent defect" at issue (*Brooks v City of Binghamton,* 55 AD2d 482, 484; *see also, Bergamini v Town of Babylon,* 190 AD2d 650), the plaintiff at bar has failed to establish that the spot where she fell was close to 65 Clearview Avenue, or that the condition that caused her accident was in any way related to the pothole at 65 Clearview Avenue. Indeed, it cannot be determined from her affidavits whether her fall occurred in front of 58 or 59 Clearview Avenue, and there is no indication how far either of these premises is from 65 Clearview Avenue.

There is also no merit to the plaintiff's claim that her action falls within the narrow common law exception to the statutory prior written notice requirement (*see, e.g., Ferris v County of Suffolk,* 174 AD2d 70; *Klimek v Town of Ghent,* 114 AD2d 614; *Blake v City of Albany,* 63 AD2d 1075, *affd* 48 NY2d 875). Although a Town employee did inspect and repair a pothole in front of 65 Clearview Avenue, there is no indication that his

assignment included an inspection of any other part of Clearview Avenue, or that the location of the plaintiff's fall was visible from 65 Clearview Avenue, or that the alleged pothole on which the plaintiff tripped was so obvious that the inspector should have noticed it *(see, Ferris v County of Suffolk, supra).* O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.