Correa v Mana Constr. Group Ltd. (2021 NY Slip Op 01716)





Correa v Mana Constr. Group Ltd.


2021 NY Slip Op 01716


Decided on March 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 23, 2021

Before: Webber, J.P., Oing, Kennedy, Scarpulla, JJ. 


Index No. 302073/16 Appeal No. 13406 Case No. 2020-01311 

[*1]Miriam Correa, Plaintiff-Appellant,
v
Mana Construction Group Ltd., Defendant, The City of New York, Defendant-Respondent.


Sacco & Fillas, LLP, Astoria (James R. Baez of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about December 5, 2019, which granted defendant City of New York's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The motion court properly granted the City of New York's motion for summary judgment. Plaintiff's notice of claim, 50-h testimony, complaint, and verified bill of particulars alleged that she was injured when she tripped and fell on an "uneven, cracked, broken manhole" cover. For the first time in her opposition papers, plaintiff claimed that an unleveled and cracked sidewalk caused the trip-and-fall accident. Since plaintiff did not amend her complaint, the court properly declined to consider the new allegation (see Harrington v City of Plattsburgh, 216 AD2d 724, 724-725 [3d Dept 1995]).
The City established its prima facie entitlement to summary judgment by establishing that it lacked prior written notice of the alleged defective condition of the manhole cover, which is a condition precedent to liability for personal injuries sustained as a result of alleged roadway defects (see Administrative Code of City of NY § 7-201[c][2]; Jones v City of New York, 159 AD3d 571, 571-572 [1st Dept 2018]). The record is silent as to any written notice of a defective or depressed manhole cover at the location where the accident is alleged to have occurred (see D'Onofrio v City of New York, 11 NY3d 581, 584-585 [2008]).
Plaintiff failed to meet its burden to demonstrate that a question of fact existed regarding the City's receipt of prior written notice, or that an exception to the notice requirement applied (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]; Oboler v City of New York, 8 NY3d 888, 889-890 [2007]). Plaintiff submitted no proof to raise a triable issue of fact as to whether the City created or caused the defective condition. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 23, 2021