respondent makes the unfair claim that the dismissal of the counter-claim was on·the merits after trial. All of the evidence to support the counterclaim had been carefully excluded. The dismissal was solely upon the law, and not upon the facts, and cannot be sustained.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. Order filed. All concur.

---

POLITIS et al. v. TIMES SQUARE IMP. CO.    (No. 7564.)

(Supreme Court, Appellate Division, First Department.    July 9, 1915.)

1. LANDLORD AND TENANT ⬦⟿170—NUISANCE—LIABILITY.

A company, which erected a large loft building on the corner of a street, and in connection therewith and to be used as an adjunct thereto erected a smaller building upon a lot 20 feet wide on the next street, adjoining the premises occupied by plaintiffs' restaurant, which buildings were so constructed that the only freight entrance was through the narrow build-ing, so that the sidewalks in front of its entrance and plaintiffs' prem-ises were always incumbered by goods and vehicles, so as to interfere with access to plaintiffs' restaurant and injure his business, was not liable to an action to restrain the maintenance of a nuisance and for dam-ages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 685–690; Dec. Dig. ⬦⟿170.]

2. PLEADING ⬦⟿343—MOTION FOR JUDGMENT ON PLEADINGS—NATURE.

A defendant's motion for judgment on the pleadings is equivalent to a demurrer to the complaint.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. ⬦⟿343.]

3. MUNICIPAL CORPORATIONS ⬦⟿671—OBSTRUCTION OF STREET—RELIEF.

It is unlawful to unreasonably obstruct a street, and an adjoining owner or lessee, suffering injury therefrom, may obtain relief in equity against the obstructor.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1447–1450; Dec. Dig. ⬦⟿671.]

Hotchkiss, J., dissenting.

Appeal from Special Term, New York County.

Action by Peter Politis and another against the Times Square Im-provement Company. From an order denying its motion for judg-ment on the pleadings, defendant appeals. Order reversed, and motion granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. A. Seidman, of New York City, for appellants.
Francis M. Applegate, of New York City, for respondent.

SCOTT, J. [1] The action is to restrain the maintenance of a nuisance and for damages. The nuisance complained of is that defend-ant has erected a large loft building on the northeast corner of Thirty-Seventh street and Broadway, and in connection therewith and to be

used as an adjunct thereto has erected a smaller building upon a plot of land 20 feet wide on Thirty-Eighth street adjoining the premises used by plaintiffs in their restaurant business; that the buildings have been so constructed that the only freight entrance provided for the tenants of the large building is through the narrow building, with the result that goods are constantly being received and delivered through said entrance, the sidewalk in front of said entrance and in front of other property, including that occupied by plaintiffs, is constantly incumbered by goods in course of receipt and delivery, and vehicles constantly stand in the street, whereby, as it is said access to plaintiffs' premises is impeded and their business interfered with and injured. In short, the plaintiffs' grievance is that defendant has so constructed and arranged its building or buildings as to cast upon Thirty-Eighth street an undue burden of inconveniences resulting from the uses to which defendant's building is devoted. It is not alleged that defendant itself ships or receives any goods, or has any control over its tenants respecting the manner in which they ship and receive goods, except that by the arrangement of the buildings it has compelled all goods to be received and delivered through the Thirty-Eighth street entrance.

The defendant's motion for judgment is equivalent to a demurrer to the complaint. We are unable to find in the complaint any allegation of injury, in a legal sense, committed by defendant. The sidewalk and the street in front of it are no part of the demised premises, and no duty rests upon defendant to keep them clear from encroachments by others. The complaint, so far as we can see, charges defendant with no violation of any duty imposed upon it by law, nor is there any privity of contract between plaintiffs and defendant which would justify a complaint by plaintiffs that defendant had failed to furnish its tenants with adequate facilities for delivering and receiving goods.

[2, 3] Of course it is unlawful to unreasonably obstruct the highway (Callanan v. Gilman, 107 N. Y. 360, 14 N. E. 264, 1 Am. St. Rep. 831), and an adjoining owner or lessee who suffers injury from an unreasonable obstruction may obtain relief in equity; but such relief must be sought against the obstructor, not against one who neither obstructs nor exercises any control over those who do obstruct. Doubtless a landlord who rents his premises for a use which will necessarily result in a nuisance, as in the case of the boiler makers, will be held equally liable with his tenants for the resulting nuisance. Fish v. Dodge, 4 Denio, 311, 47 Am. Dec. 254. But in the present case no fault is found with the use to which defendant has devoted its building, nor is it claimed that any nuisance results from any use of the building itself. Indeed, there is no reason to suppose that defendant knew or had reason to anticipate that the arrangement it adopted for its buildings would necessarily result in loss to any one. We are of the opinion that the complaint states no cause of action against this defendant.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. Order filed.

INGRAHAM, P. J., and CLARKE and DOWLING, JJ., concur. HOTCHKISS, J., dissents.