Philip M. Kleinfeld, J.
Action to enjoin maintenance of a fence, across a portion of the public sidewalk, at a right angle to the building line, at a point where plaintiffs’ property abuts property managed by defendant. The fence is four feet long, three feet high, and, because of the angle between the building and lot lines, the fence blocks a driveway, maintained by plaintiffs on their property, and prevents the use of the driveway.
It is well established that an unnecessary obstruction of a public sidewalk is a nuisance (Callanan v. Gilman, 107 N. Y. 360). Any landowner, injured by such a nuisance, may sue to enjoin its maintenance (Lavery v. Hannigan, 20 Jones & Sp. 463). In the Lavery case, it was held that defendants could not use part of the sidewalk, in front of their store, for the maintenance of an awning structure and the display of merchandise, because such use deprived the plaintiffs, adjoining storekeepers, of light and air, and blocked the view of plaintiffs ’ store to the public. In Crooke v. Anderson (23 Hun 266), it was held that the maintenance of a fence, across a public sidewalk, which compelled the plaintiff to go around it to reach his property, could be enjoined. In Broad Exch. Co. v. Curb Stock & Bond Market of N. Y. (117 Misc. 82), it was held that *585 the obstruction of sidewalks, by a stock exchange, was a public nuisance, and could be enjoined at the suit of property owners in the vicinity. The court held that (p. 85): “ It is abundantly settled that the primary purpose of the street is for traveling, and that whatever causes an unreasonable obstruction or interference with travel, becomes a nuisance.”
The fence, at bar, is clearly an obstruction of a public sidewalk, reasonableness has not been shown, and plaintiffs are suffering substantial special injury by reason of the obstruction. Plaintiffs are therefore entitled to injunctive relief.
Defendant contends that plaintiffs have ‘ ‘ unclean hands ’ ’ because their driveway is not legally constructed. It is unnecessary to pass upon this issue. The court takes judicial notice that there are innumerable irregular uses and encroachments upon the sidewalks of the City of New York. Such irregularities and encroachments are not prosecuted nor actionable as nuisances unless they are unreasonable, unnecessary, and an obstruction to travel (cf. Matter of Hofeler v. Buck, 110 Misc. 402, affd. 193 App. Div. 262, affd. 230 N. Y. 608). Defendant’s fence is thus an actionable nuisance; plaintiffs’ driveway, whether or not it is legally constructed, is not. In these circumstances, the “unclean hands” defense is not applicable (cf. Weiss v. Mayflower Doughnut Corp., 1 N Y 2d 310; 836 Franklin Ave. Catering Corp. v. Haber, 164 Misc. 227, affd. 251 App. Div. 728).
Defendant also contends that the City of New York is a necessary party to this action. It is well established that a party who sustains special injury from an unreasonable obstruction of a sidewalk may seek relief against the obstructor (Politis v. Times Sq. Improvement Co., 168 App. Div. 814; Graceland Corp. v. Consolidated Laundries Corp., 7 A D 2d 89, affd. 6 N Y 2d 900). Clearly, the City of New York is not a necessary party to this action.
Judgment is granted in favor of the plaintiffs, without costs.