OPINION OF THE COURT
Stanley S. Ostrau, J.
This is an application in the nature of mandamus to direct respondent Commissioner of Transportation of the City of New York to accept and file certain notices of defective conditions on . the streets, highways, bridges, wharfs, culverts, curves, sidewalks and crosswalks of this city.
The petitioner is a not-for-profit corporation formed to protect residents against the dangers and hazards of streets, highways and other thoroughfares that are “out of repair, unsafe, dangerous or obstructed.” The corporation was formed in response to the local law, effective June 4, 1980, commonly known as the “Pothole Law”.
Such law provides in section 394a-1.0 (subd d, par 2) of the Administrative Code of the City of New York that no civil action may be maintained against the City of New *689 York for damage to persons or property sustained because of any street or sidewalk defect unless written notice of the defective condition was given to the Commissioner of the Department of Transportation and there was a failure or neglect to resolve the defect within 15 days of the notice. The statute specifically directs: “3. The commissioner of transportation shall keep an indexed record in a separate book of all written notices which the city receives and acknowledgement of which the city gives of the existence of such defective, unsafe, dangerous or obstructed conditions, which record shall state the date of receipt of each such notice, the nature and location of the condition stated to exist and the name and address of the person from whom the notice is received. This record shall be a public record. The record of each notice shall be maintained in the department of transportation for a period of three years after the date on which it is received and shall be preserved in the municipal archives for a period of not less than ten years.” (Administrative Code, §394a-1.0, subd d, par 3.)
The above provisions of the statute clearly follow the language of section 50-g of the General Municipal Law which requires a prior written notice of defects as a condition to city liability. In fact, 61 of the 62 cities in New York State have such “prior notification laws” in effect at this time.
The Department of Transportation has established procedures to process the notices received under the new law. The notices are recorded in logbooks for each borough. The respondent’s filing system includes the chronological date of the notice of defect, the nature and location of the defect and the name and address of the complainant. The repairs or other action taken by the city is also recorded by the respondent. Pursuant to such procedures, the respondent has processed 70,000 notices of defects, 60,000 of which were allegedly filed by petitioner Big Apple Pothole and Sidewalk Protection Committee, Inc.
In April, 1980, petitioner commissioned the Sanborn Map Company to do a survey of defects on city streets that would be filed by petitioner with respondent. As part of such arrangement, the map company used trained field survey personnel to provide petitioner with detailed maps *690 of different parts of the city. The maps show the location of the defects found by the surveyors and identify the nature of the defects by the use of eight different symbols that are keyed to the map legend. The respondent commissioner contends that such maps do not provide adequate notice of alleged defects. He has rejected the maps submitted by petitioner as “unacceptable by this Department to fulfil its obligations required by statute.” The petitioner has brought this proceeding to direct the respondent to perform his legal duty mandated by subdivision d of section 394a-1.0 of the Administrative Code to accept and file the written notices of defective conditions as identified and described on the maps.
The court has carefully examined the subject maps. It is clear, contrary to respondent’s contention, that they are more precise in terms of the type of defects and their location than the forms previously used by petitioner and accepted by respondent. Moreover, the maps are far more detailed than the respondent’s own forms for such notification. Thus the court gives no credence to the commissioner’s argument that acceptance of the maps would require his staff to substitute its jugment for that of the complainant in regard to determining defects noticed therein.
It would appear that the real reason for respondent’s rejection of these maps seems to be administrative in nature. The affidavit of Richard T. Watson, Director of Management Services for the Department of Transportation, states as follows:
“The original complaint is filed in the office of the prior notification unit. The files of the unit are organized by borough, and within each borough alphabetically by streets and avenues *** The maps in issue, however, each diagram numerous streets and indicate many defects on those streets. By containing large numbers of defects scattered across a multi-block area the maps of the petitioner cannot be filed by a particular street or avenue according to a particular complaint. The maps make, at best, an awkward filing system in which the retrieval of a complaint and related information is difficult and time consuming.
*691 “Upon receiving the completed repair order, the borough officer enters the disposition of the complaint in its log book and closes out the complaint. The original repair order is returned to the prior notification unit where a similar procedure is performed in its log book. The original repair order is then matched with the original complaint and is filed in the alphabetic file described in paragraph 12, of this affidavit. As already mentioned, this procedure cannot be performed with the maps submitted by the petitioner.” Moreover, Director Watson estimates that acceptance of the maps as notices of defects would require a doubling of his staff.
However, it is clear that such considerations of administrative convenience or expediency do not represent an adequate excuse for an administrative agency’s failure to comply with a statutory mandate. (Matter of Bradcord Assoc. v Conciliation & Appeals Bd. of City of N.Y., NYLJ, Aug. 14, 1975, p 6, col 2, affd 52 AD2d 569.) The respondent herein is required to keep a record of all written notices of defective conditions pursuant to subdivision d of section 394a-1.0 of the Administrative Code. The maps in question do, by any standards, constitute written notices as required by the statute. Respondent does not have any discretion in this regard. He is mandated by law to record the notices and mandamus does lie to compel him to perform such duty. (Matter of Pfingst v Levitt, 44 AD2d 157, 159.)
The purpose of the subject legislation was clearly to allow the victims of unsafe streets, highways and thoroughfares to sue the city if notice had been given of such conditions. The respondent Commissioner of Transportation has no right to modify such legislation by creating additional requirements for the notices beyond the clear terms of the statute. Such a modification can only be accomplished through legislative action (Matter of Bradcord Assoc. v Conciliation & Appeals Bd. of City of N.Y., supra). The application is granted.