■ ANNA CIPRIANO et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendant. — In a negligence action to recover damages for personal injuries, etc., defendant City of New York appeals from an order of the Supreme Court, Richmond County (Rubin, J.), dated April 12, 1982, which granted plaintiffs' motion to strike its affirmative defense set forth in paragraph nine of its answer, and denied its cross motion to dismiss the complaint as to it for failure to allege facts sufficient to state a cause of action. Order

reversed, on the law, with costs, and defendant City of New York's cross motion to dismiss the complaint as to it for failure to allege facts sufficient to state a cause of action is granted. The complaint alleges that plaintiff Anna Cipriano was injured when she was caused to trip and fall on a defective sidewalk adjacent to 622 Katan Avenue in Richmond County, which defendant City of New York (hereinafter city) had negligently failed to maintain. In paragraph nine of its answer, the city asserted as an affirmative defense that plaintiffs failed to comply with section 394a-1.0 (subd d, par 2) of the Administrative Code of the City of New York, which provides that "[n]o civil action shall be maintained against the city for * * * injury to person * * * sustained in consequence of any * * * sidewalk * * * being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective * * * condition, was actually given to the commissioner of transportation * * * and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect". Thereafter, as a sanction for the city's failure to timely comply with a "Notice for Discovery and Inspection," requesting the city to set forth all notices pursuant to section 394a-1.0 on file with it, plaintiffs moved to strike the affirmative defense in paragraph nine in the city's answer. Since the complaint did not allege that written notice of the dangerous condition had been given to the city as required by section 394a-1.0 (subd d, par 2), the city cross-moved to dismiss the complaint for failure to state a cause of action. Prior written notice required by section 394a-1.0 (subd d, par 2) of the Administrative Code of the City of New York (known as the pothole law, which went into effect on June 4, 1980) was a condition precedent to plaintiffs' causes of action, which plaintiffs are required to plead and prove (*Schwartz v Turken,* 115 Misc 2d 829; see, also, *Barry v Niagara Frontier Tr. System,* 35 NY2d 629, 633-634; *MacMullen v City of Middletown,* 187 NY 37; *Donnelly v Village of Perry,* 88 AD2d 764; *Drzewiecki v City of Buffalo,* 51 AD2d 870). Plaintiffs' failure to allege that written notice of the dangerous condition was given to the city requires dismissal of the complaint as against it. The fact that the city pleaded the failure to comply as an affirmative defense in its answer is immaterial. "While the party asserting an affirmative defense generally bears the burden of proof on that issue (*Manion v Pan Amer. World Airways,* 55 NY2d 398, 405), in this case the pleading of the affirmative defense [of noncompliance] merely had the effect of gratuitously advising the parties of the apparent insufficiency of the * * * complaint and avoiding surprise (CPLR 3018, subd [b]). It did not constitute a waiver of the requirement that compliance with the pothole law must be pleaded in order to state a cause of action" (*Schwartz v Turken,* 115 Misc 2d 829, 833, *supra*). Nor does the city's default, with respect to its failure to timely comply with plaintiffs' notice for discovery and inspection, serve to preclude the dismissal of a complaint which fails to allege facts sufficient to state a cause of action (cf. *Silberstein v Presbyterian Hosp. in City of N. Y.,* 95 AD2d 773). In view of the dismissal of the complaint as to the city, the issue of whether Special Term abused its discretion in imposing the severe sanction of striking the affirmative defense, albeit erroneously so designated, is rendered academic. Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.