OPINION OF THE COURT
Herbert J. Miller J.
In this action for negligence and nuisance, plaintiff, Martha Ostermeier, seeks to recover damages for personal injuries allegedly caused by codefendants, Victorian House, Inc., 67-02 *47 Myrtle Avenue Corporation and the City of New York. Default judgments have been entered against Victorian House, and third- and fourth-party defendant, Moorthys Realty Corporation. Codefendants 67-02 Myrtle Avenue Corporation and the City of New York each moved to dismiss plaintiff’s complaint at the close of trial, which was held on July 23, 1984 and July 24, 1984.
Plaintiff, Martha Ostermeier, sustained personal injuries on December 3, 1980, at approximately 5:30 p.m., when she tripped over a carpet on a public sidewalk outside the entrance to codefendant Victorian House, a catering hall. Mrs. Ostermeier testified that she was walking on a public sidewalk on her way home from work and that, in order to proceed down this street, she had to cross over a carpet which ran perpendicular to the sidewalk under a canopy and extended from the curb to the entrance to Victorian House. Mrs. Ostermeier stated that she was nearly across the carpet when it was lifted off the pavement by the wind and that the right heel of her shoe became entangled in the carpet, causing her to fall forward onto the sidewalk. Mrs. Ostermeier sustained personal injuries as a result of this fall. It was plaintiff’s testimony that at the time of the accident it was extremely windy, and that, although it was dark and the street lamps were on, the entranceway to Victorian House was not illuminated. Mrs. Ostermeier also stated that she had lived in the area for approximately two years, that the carpet had been in place for approximately a year, and that at the time of the accident the edges of the carpet were frayed.
At the time of plaintiff’s accident, the premises in which Victorian House was located was owned by codefendant 67-02 Myrtle Avenue Corporation. Following Mrs. Ostermeier’s testimony, plaintiff introduced into evidence a portion of a deposition conducted on April 16, 1982, of James Rotolo, president of 67-02 Myrtle Avenue Corporation. Mr. Rotolo stated therein that he had purchased the building in question in December, 1979, that he visited the premises, including that portion occupied by Victorian House, on a weekly basis from December, 1979 through December, 1980, and that he knew that the carpet had been placed on the sidewalk outside of the entrance to Victorian House. Plaintiff then requested that the court take judicial notice of sections 692h-1.0, 692h-5.0, 692f-6.0 and subdivision 2 of section 755(2)-7.0 of the Administrative Code of the City of New York, all of which prohibit the obstruction of public sidewalks. Also received into evidence against the City of New York was an inspection report dated October 7, 1980, made by an employee of the Transportation Administration, Department of *48 Highways, in response to a telephone complaint received on August 18, 1980, concerning the condition of the sidewalk abutting Victorian House. The inspector reported that the sidewalk was not in violation except for the carpet in front of the entrance to Victorian House. The property owner was sent a notice on November 12, 1980, to remove the carpet. The report also indicated that a notice had been sent to 67-02 Myrtle Avenue Corporation on October 9, 1980 regarding the canopy. Plaintiff therefore asserts that the owner of the premises and the City of New York were negligent with respect to the condition of the public sidewalk, and that the unauthorized placement of the carpeting on the sidewalk constituted an absolute nuisance for which the abutting owner, defaulting tenants, and the City of New York are liable. Plaintiff also asserts that the inspection report of October 7, 1980 constituted prior written notice to the City of New York, as required by section 394a-1.0 of the Administrative Code.
Codefendant 67-02 Myrtle Avenue Corporation based its defense on an installment sale contract entered into on April 10, 1980, with Moorthys Realty Corporation for the sale of the premises housing Victorian House. This contract by its terms explicitly created a landlord-tenant relationship between 67-02 Myrtle Avenue Corporation and Moorthys Realty Corporation, who agreed to continue leasing the premises to Victorian House on a week-to-week basis. Codefendant 67-02 Myrtle Avenue Corporation agreed to “comply with all notes or notices of violations of law or municipal ordinances, orders or requirements” and the premises were to be transferred free of such violations at closing, which was scheduled for April 10, 1981. Codefendant 67-02 Myrtle Avenue Corporation, while not calling any witnesses, read into evidence a portion of Mr. Rotolo’s deposition in which he stated that there was only one tenant at the time he purchased the building and that he turned over the management of the building to Moorthys Realty Corporation when they went to contract in April, 1980. Codefendant 67-02 Myrtle Avenue Corporation therefore moved to dismiss on the ground that as a landlord out of possession and control it was not liable to plaintiff, and that it lacked actual or constructive notice of the condition of the carpet.
Codefendant City of New York also moved to dismiss on the ground that the City did not receive prior written notice of the defective condition, as required by section 394a-1.0 of the Administrative Code, commonly known as the “pothole law”. The City also asserts that the October 7, 1980 inspection report did not constitute prior written notice within the meaning of the *49 statute, and that it had no notice of the condition of the carpet. Finally, the City asserts that, pursuant to section 693-6.0 of the Administrative Code, the 30-day time period in which it was required to remove the carpet had not expired at the time of plaintiff’s accident.
It has long been the rule that the obstruction of a public sidewalk, without warrant in law, constitutes an absolute nuisance. (Callanan v Gilman, 107 NY 360; Bleichfeld v Friedenthal, 49 Misc 2d 584.) Section 692h-1.0 of the Administrative Code similarly provides that: “It shall be unlawful for any person, except as otherwise provided in this code, to incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever.” A possessor of land, abutting a public highway, who obstructs the highway, other than in the exercise of his privilege as possessor, is subject to liability for physical harm caused thereby to travelers on the highway. (Restatement, Torts 2d, § 350, Comment d.) Moreover, one who leases premises with a nuisance thereon is equally liable with the lessee of the premises. The liability of an owner or occupier of premises for nuisance, however, does not depend on negligence, and where the thing complained of is an absolute nuisance, negligence need not be proved and a defendant’s exercise of ordinary care either in creating or maintaining the nuisance is not a defense. (Standard Acc. Ins. Co. v Sanco Piece Dye Works, 64 NYS2d 585; 46 NY Jur, Premises Liability, § 10; cf. Merrick v Murphy, 83 Misc 2d 39.)
It is clear from the evidence adduced at trial that the carpet in question obstructed the public sidewalk, in violation of the Administrative Code, and therefore constituted an absolute nuisance. Thus, plaintiff need not demonstrate that the defendants were negligent in that they knew, or should have known, of the deteriorated condition of the carpet. Plaintiff has sufficiently demonstrated that codefendant 67-02 Myrtle Avenue Corporation knew at all times that the carpet had been placed over the pavement outside the entrance to Victorian House. Contrary to defendant’s contentions, the evidence does not demonstrate that the owner landlord relinquished complete control over these premises. Mr. Rotolo continued to visit the premises on a weekly basis after the lease was entered into. Finally, codefendant 67-02 Myrtle Avenue Corporation explicitly agreed to comply with all notices of violations of municipal ordinances, orders, or regulations concerning these premises. Therefore, as the sidewalk was obstructed by the carpet prior to the time the premises were leased to Moorthys, and the nuisance continued to exist when the lease was entered into, and both the landlord *50 and tenants failed to abate the nuisance, codefendant 67-02 Myrtle Avenue Corporation, as well as the defaulting tenants, are liable to plaintiff for her injuries. (See, also, Moody v Green, 265 App Div 940.)
Turning now to codefendant City of New York, it is well established that a municipality owes a duty to keep the public sidewalks in a reasonably safe condition and, where it fails to correct a defective condition of which it had actual or constructive notice, the municipality will be liable for damages to a person injured thereby. (Muallem v City of New York, 56 NY2d 866; D’Ambrosio v City of New York, 55 NY2d 454; Blake v City of Albany, 48 NY2d 875.) Section 394a-1.0 (subd d, par 2) of the Administrative Code provides in pertinent part that: “No civil action [may] be maintained against the city for damage[s] to property or injury to person or death sustained in consequence of any * * * sidewalk * * * or any part or portion of any of the foregoing including * * * encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous, or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice * * * or there was written acknowledgment from the city of the defective, unsafe, dangerous or obstructed condition, and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe.”
It is clear that the carpet in question constituted an obstruction of a public sidewalk. Therefore, the only issue before the court as regards codefendant City of New York is whether the City received prior written notice of the obstructed condition. The City’s contention that the inspector’s report of October 7, 1980 did not constitute prior written notice is without merit. On October 7, 1980, the City’s Transportation Administration, pursuant to a telephone complaint made by an unidentified person on August 18, 1980, sent an inspector to the location in question to inspect the condition of the sidewalk abutting Victorian House. The inspector found that the sidewalk was not in violation except as to the carpet, and issued a notice to the property owner to remove the carpet. The inspection report is therefore sufficient to constitute prior written notice as it clearly identifies the location and obstructed condition of the sidewalk. As the City’s prior written notice law is in derogation of the common law, it must be strictly construed. (Daremus v Incorporated Vil. of Lynbrook, 18 NY2d 362; Barrett v City of Buffalo, 96 *51 AD2d 709.) There is nothing in the language of the prior written notice law which would require that such notices be submitted only by members of the public or by public interest groups. (See Brooks v City of Binghamton, 55 AD2d 482; Scherm v Town of North Hempstead, 45 AD2d 886; cf. Matter of Big Apple Pothole & Sidewalk Protection Committee v Ameruso, 110 Misc 2d 688.) Contrary to the City’s contentions, the 30-day time period in which to remove the carpet is inapplicable as the pothole law requires the obstruction to be removed or repaired within a maximum of 15 days. (See Administrative Code, §§ 394a-1.0, 693-6.0, subds d, e.) The City is therefore liable to plaintiff for her injuries as it received prior written notice of the sidewalk obstruction on November 7, 1980, and failed to remove this obstruction within 15 days of receipt of such notice.
Based on the foregoing, judgment granted as to liability only in favor of plaintiff and against codefendants 67-02 Myrtle Avenue Corporation and the City of New York.