OPINION OF THE COURT
Nicholas A. Clemente, J.
The matter before the court involves four separate cases in each of which the City of New York is named as a defendant. The four cases are Bair v City of New York, Harkin v Thorson, Bacchus v City of New York and Guralnick v Gerritsen Foodtown.
The plaintiffs in each of these actions are represented by the same attorney and in each of these actions he has served an identical notice for discovery and inspection. These notices for discovery and inspection contain 15 items, with the ninth item seeking notices of claim served upon the city.
The city having failed to respond to the notices for discovery and inspection, the plaintiff in each of the aforementioned cases has moved for an order striking the city’s answer. The city in response has cross-moved in each case for a protective order vacating the notices for discovery and inspection. In Guralnick, the city also cross-moved for an order directing plaintiff to comply with its "Combined Demand” for discovery and inspection. As to the combined demand, plaintiff has not presented any objection to it and, accordingly, plaintiff Guralnick is directed to comply with it within 45 days of service upon Guralnick’s attorney of an order to be settled hereon.
*736 As to the notices for discovery and inspection, the city in seeking to be relieved from their provisions, asserts that they are palpably improper because of their use of the terms "all, any or any and all” for the demands; that the court should strike the notices in their entirety instead of trying to prune them and that item 9 requesting notices of claim served upon the city does not state what claims are requested. The city does not, however, attack items 8 or 14 of the notices for discovery and inspection.
Plaintiffs contend that the city’s cross motion for protective orders should be denied because they are untimely made. In addition, plaintiffs argue that the request for notices of claim is not burdensome or improper because the city should be required to index notices of claim by location.
There is no dispute that the city’s motions were not timely made. There can also be no question that the use of the terms "all, any or any and all” in plaintiffs’ notices for discovery and inspection and the overbroad nature of the notices for discovery and inspection render them improper.
While failure to timely oppose an improper notice for discovery and inspection will result in the foreclosure of inquiry into its propriety, such rule does not apply to a notice for discovery and inspection that is palpably improper (Zambelis v Nicholas, 92 AD2d 936). The notices for discovery and inspection served in these cases are palpably improper except for items 8 and 14. Hence, the notices should be stricken except for these two items which the city shall comply with within 45 days of service upon its attorneys of an order to be settled hereon. The vacatur of the other items of plaintiffs’ notices for discovery and inspection is, of course, without prejudice to their right to renew their requests for discovery pursuant to an appropriate notice to obtain discovery and inspection.
Recognition of the plaintiffs’ right to renew their requests carries with it a duty to address the matter which is really in controversy between the parties. That controversy concerns the juxtaposition of General Municipal Law §§ 50-e and 50-g with Administrative Code of the City of New York § 394a-1.0 popularly referred to as the pothole law. Stated otherwise, the real issue in controversy is whether the city is required to search the notices of claim filed with it to see whether via a notice of claim it had been given notice of a defect in a lawsuit other than the ones at bar which would in the instant *737 case satisfy the requirement to give prior notice of the defect pursuant to the pothole law. Plaintiffs contend that the city should be keeping notices of claim indexed by location and if it has not, the city must search the notices of claim to see if it received prior notice of a defect. The city, on the other hand, contends that notices of claim are not kept by location, there is no requirement that it do so and that notices of claim are public records which plaintiffs should search themselves if they seek any information from the notices.
In resolving this issue, it must be noted at the outset that Administrative Code § 394a-1.0 (d) (2) contemplates that notice given via a notice of claim should satisfy its requirements.
Paragraph (2) provides: "No civil action shall be maintained against the city for damage to property or injury to person or death sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto, being out of repair, unsafe, dangerous or obstructed, unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition, was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice, or where there was previous injury to person or property as a result of the existence of the defective, unsafe, dangerous or obstructed condition, and written notice thereof was given to a city agency, or there was written acknowledgement from the city of the defective, unsafe, dangerous or obstructed condition, and there was a failure or neglect within fifteen days after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or the place otherwise made reasonably safe.”
The provision in paragraph (2) discussing previous injury and notice thereof makes clear that if the city is given notice of a prior injury that also triggers the entitlement for the maintaining of a lawsuit. In fact, it has been held that a report by an inspector of the City of New York of an obstructed sidewalk condition constituted prior written notice to the city of the obstructed condition for purposes of section 394a-1.0 (d) (2) (Ostermeier v Victorian House, 126 Misc 2d 46, 50-51).
These observations do not, however, resolve the dispute over whose duty it is to examine the notices of claim to ascertain *738 whether via a notice of claim filed in regard to another action, the city has, in fact, received notice of the defect involved in the current actions.
Instructive in that regard is section 394a-1.0 (d) (3) which states: "The commissioner of transportation shall keep an indexed record in a separate book of all written notices which the city receives and acknowledgement of which the city gives of the existence of such defective * * * conditions” (emphasis supplied). This provision clearly tracks General Municipal Law § 50-g (Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso, 110 Misc 2d 688, 689).
The significance of paragraph (3) to the instant matter lies, however, in its use of the word "all”. The commissioner is required to keep a record of all written notices of defects. Certainly, the notice of claim required to be filed by General Municipal Law § 50-e must be considered a notice of defect since General Municipal Law § 50-e (2) in setting forth the form of a notice of claim requires it to set forth the place where the claim arose.
Further, militating against the position advocated by the city, namely, that it is not required to examine the notices of claim to determine if they have been given notice (which is another way of saying that notices of claim are not within the contemplation of § 394a-1.0 [d] [3]) is the fact that prior written notice laws are in derogation of the common law and are to be strictly construed (Barrett v City of Buffalo, 96 AD2d 709, 710). Such strict construction could, here, mean only that they should be construed so as to enhance rather than artificially limit liability, which would otherwise be present.
Based on the use of the word "all” in the Administrative Code and the principle of strict construction, I conclude that a notice of claim filed with the city constitutes the notice required by Administrative Code § 394a-1.0 (d). Hence, it follows that the city should index notices of claim based on location (cf. Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso, supra).
A party, municipal or otherwise, should not be rewarded for frustrating discovery. The establishment of cumbersome, double bookkeeping devices, whether through design or lack of thought is impermissible when the effect is the prevention of disclosure. To make available notices of claims numbering in the tens of thousands filed by people throughout the entire City of New York, recorded separately and not by location, in *739 a search for a prior accident at a particular location is, in reality, the denial of availability. Thus, the city is obliged to furnish the required information. If it has not kept a proper index, then it is its duty to search the notices of claim to determine whether there has been prior notification of the defects involved herein (Purpura v City of New York, Sup Ct, Kings County, index No. 3945/82, Dec. 20, 1985, Levine, J.). Nor does this result conflict with the principle that it is the plaintiff’s duty and burden to show that prior written notice of a defect was given (cf. Drzewiecki v City of Buffalo, 51 AD2d 870), since it is the city which has been made custodian of the records both for notices of claim and for the notices called for by the pothole law.
The issue that remains is for what period of time the city must make such a search. The record presented here does not provide a basis upon which the court can determine a time period. Therefore, upon settlement of an order, the parties are directed to submit affirmations and whatever else they deem appropriate in regard to the period of time for which the city shall be directed to search the notices of claim.