(March 2, 1987)

■ FELIZ ACEVEDO, Respondent, v CITY OF NEW YORK, Appellant, and NEW YORK CITY HOUSING AUTHORITY, Respondent.— In an action to recover damages for personal injuries, the defendant City of New York appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated October 17, 1985, which denied its motion for summary judgment dismissing the complaint and cross claim against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint and cross claim are dismissed as against the City of New York.

The plaintiff was allegedly injured on August 14, 1982, when he fell in a sidewalk hole adjacent to 22 Lewis Avenue, Brooklyn, New York. Thereafter, the plaintiff commenced an action against the City of New York and the New York City Housing Authority (hereinafter the Housing Authority). He alleged that 22 Lewis Avenue was a parking lot owned by the Housing Authority and that the adjacent sidewalk was broken as a result of vehicles driving over it pursuant to a curb cut permit issued by the city in order to reach the lot. The complaint also alleged that "written notice of the aforesaid defect was duly filed with the Department of Transportation of the City of New York". The Housing Authority cross-claimed against the city.

After joinder of issue, the city moved for summary judgment dismissing the complaint and the cross claim of the Housing Authority on the ground that its Commissioner of Transportation had not received the requisite prior written notice of the hole at least 15 days before the accident as required by New York City Administrative Code former § 394a-1.0 (d) (2) (now § 7-201 [c] [2] [hereinafter the Pothole Law]). In support of the motion, the city submitted, *inter alia,* an affidavit from the director of the Prior Notification Unit of the Department of Transportation indicating that the requisite written notice had not been received.

In opposition to the motion for summary judgment, the plaintiff alleged that (1) "the Big Apple Pothole Corporation filed maps and aerial photographs with the Department of Transportation of the City of New York to serve as written notice of the defects in the sidewalks of Kings County" and (2) the city was guilty of "active negligence" in issuing a permit

for the curb cut and thus the written notice provision of the Pothole Law did not apply.

Special Term denied the city's motion for summary judgment.

Prior written notice required by the Pothole Law is a condition precedent to the plaintiff's cause of action which he is required to plead and prove *(Cipriano v City of New York, 96 AD2d 817)*. Although maps have been held to constitute "written notice" of defects to the Commissioner of Transportation pursuant to the Pothole Law *(see, Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso, 110 Misc 2d 688)*, it was incumbent upon the plaintiff to produce evidentiary facts *(see, Capelin Assocs. v Globe Mfg. Corp., 34 NY2d 338, 343)* demonstrating that the maps allegedly filed herein were filed at least 15 days before the incident in question and listed the particular defect thereon. This the plaintiff failed to do. Finally, the plaintiff failed to furnish any facts to support his allegation that the city was guilty of active negligence in issuing a curb cut permit or that vehicles entering the parking lot did, in fact, create the defect complained of in this case.

Accordingly, the city's motion for summary judgment dismissing the complaint and the cross claim against it must be granted *(see, Cipriano v City of New York, supra)*. Mangano, J. P., Bracken, Brown and Spatt, JJ., concur.