83 N.Y.2d 894 (1994)
636 N.E.2d 1383
613 N.Y.S.2d 850
Benjamin Shepardson, an Infant, by Chris Shepardson, His Parent and Natural Guardian, Respondent,
v.
Town of Schodack, Appellant, et al., Defendant.
Court of Appeals of the State of New York.
Argued March 24, 1994.
Decided May 12, 1994.
Carter, Conboy, Bardwell, Case, Blackmore & Napierski, Albany (Susan DiBella Harvey and Kevin G. Grimes of counsel), for appellant.
Linnan, Bacon & Meyer, Albany (James D. Linnan of counsel), for respondent.
Chief Judge KAYE and Judges TITONE, BELLACOSA and CIPARICK concur; Judge SIMONS dissents and votes to reverse in an opinion in which Judge SMITH concurs; Judge LEVINE taking no part.
*895 MEMORANDUM.
The order of the Appellate Division should be affirmed, with costs.
The infant plaintiff, injured on July 13, 1988 by an oncoming car while riding his bicycle on Palmer Road in the Town of Schodack, brought suit against the Town, claiming negligent failure to maintain the roadside vegetation which had allegedly obscured the driver's view of plaintiff. The Town pleaded as an affirmative defense that plaintiff had failed to comply with Town Law § 65-a, which requires as a condition precedent to suit that the Town had written or constructive notice of the allegedly dangerous condition prior to the accident. Plaintiff demonstrated at trial that the Town had constructive notice of the dangerous condition on Palmer Road as a result of two recent inspections.
After both parties had rested, counsel for the Town  himself having just discovered Schodack Town Code § 154-1  requested that the trial court take judicial notice of that local law, which requires, in actions against the Town, that written notice of the dangerous condition be received prior to the accident. The court reserved decision on defendant's motion to dismiss the complaint for failure to comply with the local law (see, CPLR 4401) and charged the jury that the Town would be liable if it had either actual or constructive notice of the defective condition. The jury returned a verdict for plaintiff, which the court set aside in granting defendant's motion to dismiss on the ground that plaintiff had not satisfied the written notice requirement of the local law. The Appellate Division reversed and reinstated the verdict, holding that the Town should not be permitted to rely on the local law.
In the limited circumstances presented, we agree with the Appellate Division that plaintiff's verdict should be reinstated. While the Town insists that it was not required to assert the local law notice requirement, a quite different scenario unfolded here precisely because of the action the Town did take. In its answer the Town pleaded Town Law § 65-a as an affirmative defense, and it stood by silently for more than two years as plaintiff successfully countered the defense by establishing constructive notice before the jury. We find persuasive plaintiff's argument that the Town's failure to assert its own local law in the circumstances presented deprived plaintiff of the opportunity to demonstrate that the Town had received *896 written notice of the condition or to challenge the procedural regularity of the local law.[*]
SIMONS, J. (dissenting).
At the time of this accident, the Town of Schodack, as permitted by section 65-a of the Town Law, had enacted legislation providing that no action could be maintained against the Town for personal injuries or damages sustained as the result of an unsafe or defective highway unless the Town had received written notice of the defect prior to the accident (see, Schodack Town Code § 154-1). Under settled law, such notice was a condition precedent to a successful action: Plaintiff was necessarily required to discover the notice requirement before commencing the action and then plead and prove compliance (see, Fullerton v City of Schenectady, 285 App Div 545, affd 309 N.Y. 701). The Town, on the other hand, had no burden on the issue, and any reference to notice in its answer was gratuitous (see, Cipriano v City of New York, 96 AD2d 817).
Plaintiff concededly failed to discover the local law before instituting this action, and failed to plead and prove that the Town had prior written notice. Nonetheless, the majority has sustained a judgment entered in plaintiff's favor. It contends that the "Town's failure to assert its own local law in the circumstances presented deprived plaintiff of the opportunity to demonstrate that the Town had received written notice of the condition or to challenge the procedural regularity of the local law." (Majority mem, at 895-896.) It cites not a single legal authority to support its premise that the Town's conduct here provides a basis for sustaining plaintiff's judgment. There are a number of reasons why it does not.
First, plaintiff's duty to research the applicable notice law and to ascertain that proper notice had been given to the Town should have been met by plaintiff before the commencement *897 of legal action. Thus, any "failure" by the Town to assert its local law in its answer, after legal action had commenced, had no bearing on what plaintiff did or failed to do to prepare his case. The Town certainly did not "deprive" plaintiff of the opportunity to do the necessary legal research. Nor can it be seriously suggested that the Town "induced" plaintiff to forgo his legal research. The research in question should have been completed before litigation was commenced, not after the Town had answered the complaint.
Second, the majority's rationale is based on the erroneous idea that the Town failed in a duty to assert its own local law. But the Town had no obligation to plead the notice requirement in its pleadings or to shoulder the burden of proving a lack of legally required notice (see, Cipriano v City of New York, 96 AD2d, at 817, 818, supra). Manifestly, the Town's legal counsel had no duty to research the law for plaintiff or assist him in proving the case against his client, and plaintiff could not justifiably rely on the Town to do so.
Nor is it relevant that defendant moved to dismiss at the end of the case after asking the trial court to take judicial notice of the applicable local law. The motion was manifestly timely and appropriate (cf., Fahey v County of Ontario, 44 N.Y.2d 934).
In the final analysis, this appeal raises nothing more than a simple question of judicial notice: Can a court take judicial notice of a local law after the parties have completed their evidence, as the Town requested the court to do here? Under CPLR 4511 (a), "Every court shall take judicial notice without request * * * of all local laws and county acts" (see also, Municipal Home Rule Law § 52). Judicial notice may be taken at any point in the litigation. Indeed, we have held that judicial notice of a law may be taken not only after the close of the evidence, as was done here, but even after judgment, during appellate review, and we did so notwithstanding the fact that the losing party never had notice at trial that the statute was to be invoked to defeat the claim (see, Sega v State of New York, 60 N.Y.2d 183, 190, n 2, 192). The majority today denies to this trial court the power that it and "every court" is required to exercise as a matter of statutory law.
In sum, plaintiff had the responsibility to prepare and prove his cause of action and he failed to do so because his investigation of the Town's local laws was either incomplete or inadequate. While that failure may be understandable, plaintiff *898 cannot rely on the Town's conduct to excuse it. Nonetheless, the majority has sustained his judgment without offering any legally cognizable reason for ignoring his failure to prove his case.
Accordingly, I dissent and vote to dismiss the complaint.
Order affirmed, with costs, in a memorandum.
NOTES
[*] Addressing the dissent, CPLR 4511 (a) is not determinative here. The purpose of that statute is to relieve parties of the burden of proving the substance of the enumerated laws (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4511, at 22; Legislative Studies and Reports, McKinney's Cons Laws of NY, Book 7B, CPLR 4511, at 24; see also, Pfleuger v Pfleuger, 304 N.Y. 148, 152). It does not obligate trial courts to take judicial notice of laws without regard to other considerations.

Moreover, Sega v State of New York (60 N.Y.2d 183) is inapposite. In Sega, plaintiff did "not argue that she could have negatived the defense posed by [the newly raised statute] through the presentation of other evidence" (Sega, 60 NY2d, at 193). Plaintiff here asserts that he could have negatived the defense.