■ ALYCE KATZ, Appellant, v CITY OF NEW YORK, Respondent. [623 NYS2d 211] —Order and judgment (one paper), Supreme Court, New York County (Seymour Schwartz, J.), entered October 4, 1993, which granted defendant's motion for a directed verdict and dismissed the complaint, affirmed, without costs.

Pursuant to Administrative Code of the City of New York § 7-201 (c), plaintiff was required to establish prior notice to defendant City of New York as a condition precedent to her action for personal injury alleging a defective sidewalk. Although plaintiff did produce evidence of such notice by way of a Big Apple Pothole and Sidewalk Protection Corporation map that was served on defendant prior to the accident, defendant produced a more recent, pre-accident map from the same source not indicating any defect along with evidence establishing that later maps supersede earlier ones. Plaintiff did not rebut defendant's evidence although given the opportunity to

do so, and, based on the later map, the trial properly concluded that no issue of fact existed whether defendant had notice of the alleged sidewalk defect. Concur—Ross, Williams and Tom, JJ.

Kupferman, J. P., and Rubin, J., dissent in a memorandum by Kupferman, J. P., as follows: I would reverse and remand for a new trial.

Plaintiff sued for personal injury alleging a defective sidewalk. Pursuant to Administrative Code of the City of New York § 7-201 (c) (2), the plaintiff was required to establish that written notice of the defect was given to the City of New York at least fifteen days prior to the accident. This is a condition precedent to plaintiff's cause of action (Acevedo v City of New York, 128 AD2d 488, 489).

There is an organization called the Big Apple Pothole and Sidewalk Protection Corporation ("Big Apple"), which is a private organization, maintained by trial lawyers who represent plaintiffs. In June 1986 it filed a map with the City, which was introduced in evidence in this case, showing the defect. Accordingly, the plaintiff had complied with the Administrative Code provision. There was, however, a more recent map filed in November 1987 which did not show the defect.

Pursuant to Administrative Code § 7-201 (c) (3), the Commissioner of Transportation keeps a book of written notices and is required to maintain it for a period of three years after the date of receipt and to preserve it in the Municipal Archives for a period of not less than ten years.

The alleged accident occurred in February 1988.

At the close of the case, the trial court directed a verdict dismissing the complaint, giving as its reason the fact that the later map superseded the earlier one.

This was specious reasoning. Once the defect was properly reported, the City's defense, if any, had to be that the problem had been corrected. The fact that nobody reported the condition the following year, does not mean that it was repaired. It could simply have been overlooked; e.g., if somebody saw a crime being committed, the fact that nobody else saw it being committed does not mean that it did not happen.

The purpose of the "Pothole Law" is to alert the City to a problem before there can be liability. There is no need to continue to alert it, nor is such action required.

The unpublished decision and order of this Court entered herein on February 23, 1995 is hereby recalled and vacated.