87 N.Y.2d 241 (1995)
661 N.E.2d 1374
638 N.Y.S.2d 593
Alyce Katz, Appellant,
v.
City of New York, Respondent.
Court of Appeals of the State of New York.
Argued November 28, 1995
Decided December 28, 1995.
DiJoseph Portegello & Schuster, New York City (Arnold DiJoseph, III, and Richard J. Katz of counsel), for appellant.
Paul A. Crotty, Corporation Counsel of New York City (Elizabeth S. Natrella and Pamela Seider Dolgow of counsel), for respondent.
Chief Judge KAYE and Judges BELLACOSA and LEVINE concur with Judge CIPARICK; Judge SMITH dissents and votes to reverse in a separate opinion in which Judges SIMONS and TITONE concur.
*243 CIPARICK, J.
On February 13, 1988, plaintiff tripped on an alleged defect in the sidewalk on Second Avenue between East 71st and East 72nd Street in Manhattan, causing her to fall and suffer injury. In an attempt to comply with the statutory condition precedent of prior written notice, plaintiff filed a map dated June 5, 1986 with the City of New York depicting the defect that purportedly caused her fall. Supreme Court granted defendant's trial motion for a directed verdict and dismissed the complaint when the City produced a "successor" map, dated November 4, 1987, that did not show any defect in the area of plaintiff's accident, ruling that plaintiff failed to satisfy the prior written notice requirement. The question presented on this appeal is whether the earlier map can legally satisfy the statutory requisite of prior written notice. We conclude, in the factual circumstances presented, that it cannot and therefore affirm the order of the Appellate Division.
Administrative Code of the City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks by imposing liability only for those defects or hazardous conditions which its officials have been actually notified exist at a specified location (see generally, Poirier v City of Schenectady, 85 N.Y.2d 310, 314). As recognized by plaintiff, prior written notice of a defect is a condition precedent which plaintiff is required to plead and prove to maintain an action against the City (see, Poirier v City of Schenectady, 85 NY2d, at 313, supra; Barry v Niagara Frontier Tr. Sys., 35 N.Y.2d 629, 633-634). The failure to demonstrate prior written notice leaves plaintiff without legal recourse against the City for its purported nonfeasance or malfeasance in remedying a defective sidewalk. Because this prior written notice provision is a limited waiver of sovereign immunity, in derogation of common law, it is strictly construed (see, Laing v City of New York, 71 N.Y.2d 912, 914; Doremus v Incorporated Vil. of Lynbrook, 18 N.Y.2d 362, 366).
Maps prepared by Big Apple Pothole and Sidewalk Protection Committee, Inc. and filed with the Department of Transportation serve as prior written notice of defective conditions depicted thereon (see, Weinreb v City of New York, 193 AD2d 596, 598; Acevedo v City of New York, 128 AD2d 488, 489; Matter of Big Apple Pothole & Sidewalk Protection Comm. v Ameruso, 110 Misc 2d 688, 691, affd no opn 86 AD2d 986, lv denied 56 N.Y.2d 507). *244 While admitting that it was served with the map dated June 5, 1986, the City argued in support of its motion for a directed verdict that plaintiff could not rely on an obsolete map which unrefuted trial testimony established was superseded by a map dated November 4, 1987. Based on Big Apple's policy that subsequent, successor maps supersede earlier maps,[*] Supreme Court found that the notice the City must receive  and upon which it can rely  is the most recent map received from Big Apple prior to an accident allegedly caused by a defect identified on the map.
Concededly, at the time it was filed, the June 5, 1986 map provided notice of defects in the vicinity of plaintiff's accident. Contrary to plaintiff's contention, however, this does not shift the burden to the City to show that the defective condition noticed in the June 5, 1986 map was remedied. Nor does it impose a greater burden on plaintiff, as the dissent suggests. As a threshold matter, it is plaintiff's burden to demonstrate prior written notice of the defect that purportedly caused her accident some 20 months later. Thus, whether Big Apple mistakenly gave plaintiff only one map or plaintiff's search was insufficient or erroneous is irrelevant; the threshold inquiry is whether plaintiff complied with the notice statute, not whether plaintiff made a good-faith attempt to provide notice. Plaintiff cannot create a fact issue on appeal by arguing that the jury must decide which of the maps controls when she failed to controvert the trial testimony that a subsequently filed map supersedes a previously filed one, especially where the maps are independent records prepared by Big Apple, equally available to all litigants.
We conclude that the City properly requires that prior notice be traced to the most current Big Apple map on file, i.e., the map that is closest in time to the date a defect is alleged to have caused an accident. Given the Department of Transportation's mandate to maintain all written notices for three years from the date of receipt and thereafter preserve them in the municipal archives for not less than 10 years (see, Administrative Code § 7-201 [c] [3]), a policy that traces notice to the latest dated map diminishes the potential for an arbitrary, selective search of recorded notices. As a practical matter, such a policy *245 is logical based not only on the mechanics of Big Apple's filing system but also on the reasonable expectation that in the event two Big Apple maps depict the same area and both predate plaintiff's accident, the later dated map most accurately portrays the area on the date of the accident, factors the dissent fails to address. Thus, requiring a search to proceed from the most current notices back to older notices at once accords the prior written notice provision the strict construction it is due and ensures a fair search of the records.
Finally, it is of no legal consequence that the City did not present any records documenting a repair in the area in question since plaintiff failed to satisfy the condition precedent necessary to proceed with this action.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
SMITH, J. (dissenting).
I dissent because the majority imposes a greater burden of proof upon plaintiff than Administrative Code of the City of New York § 7-201 (c) (2) for establishing that the City of New York received written notice of a defect in a public sidewalk.
Plaintiff tripped on a broken section of a public sidewalk located on the west side of Second Avenue near 72nd Street, and fell, sustaining injuries from her fall. In August 1990, plaintiff commenced this action against various defendants, including the City of New York (City). The City is the only defendant remaining in this action.
In compliance with Administrative Code § 7-201 (c) (2), which provides that a plaintiff may not maintain an action against the City for unrepaired, unsafe, or dangerous sidewalks unless the City has failed to take action to repair or remove the defect within 15 days after receiving written notice of such defect, plaintiff submitted a map filed with the City on June 5, 1986. The map, which showed a defect at the site where plaintiff sustained her injuries, had been prepared by the Big Apple Pothole and Sidewalk Protection Committee, Inc. (Big Apple) and filed on June 5, 1986.
As the majority notes, when Big Apple filed the June 5, 1986 map, the City received written notice of a defect on the sidewalk where plaintiff had her accident (majority opn, at 244). Consequently, plaintiff satisfied the "condition precedent" of proving that the City received written notice of the defect which allegedly caused her fall, as required by Administrative Code § 7-201 (c) (2).
*246 The City does not dispute that it received notice of the defect at issue in 1986. Instead, the City contends that a second map of the same area filed by Big Apple on November 4, 1987, which did not indicate a defect on the sidewalk where plaintiff tripped, superceded the June 5, 1986 map.
Prior written notice ordinances are justified because a municipality may not reasonably be held to possess knowledge of all the defects in the public ways within its boundaries. Such ordinances provide a means of giving the municipality a reasonable opportunity to cure defective or unsafe conditions of which it could not otherwise know. Plaintiff established that the City had prior written notice of the defect in 1986 and she was entitled to rely on that evidence to make out a prima facie case. It then became the duty of the City to prove that the 1986 notice incorrectly identified a defect in the sidewalk or that the City had corrected the condition. It failed to do either. Notwithstanding trial testimony that subsequent maps supercede earlier maps, that fact is relevant only to the question of whether a defect shown on an earlier map was subsequently repaired. It does not negate the fact that the first map  like any Big Apple map  served as prior written notice of a defective condition (see, majority opn, at 243).
The "evidence" presented by the City that subsequent maps supercede maps of the same area previously filed with the City, consisted of a bare assertion, grounded in hearsay, by a record searcher employed by the New York City Department of Transportation in its litigation support unit. The record searcher reached the understanding that subsequent filings supercede earlier ones from oral communications with persons who appear twice or three times a year to deliver maps from Big Apple. The record searcher admitted that she never received any information in writing that newly submitted maps supercede maps previously on file. Moreover, the City did not present any witness from Big Apple to this effect. Thus, having received notice of a defect in 1986, the City failed to prove that the defect had been fixed by November 4, 1987.[*]
Having proven that the City received written notice of a defective sidewalk in 1986, plaintiff satisfied her burden. Accordingly, I would reverse the order of the Appellate Division.
Order affirmed, with costs.
NOTES
[*] Although plaintiff's counsel represented that he would produce a witness from Big Apple to contradict the testimony elicited from the employee of the Prior Notification Unit of the Department of Transportation that a subsequent map filed by Big Apple supersedes a previously filed map, plaintiff failed to do so.
[*] Plaintiff's decision not to call Big Apple as a rebuttal witness is immaterial because plaintiff did not bear the burden of proving that the 1987 map superceded the 1986 map. Moreover, speculation as to the reasons behind plaintiff's trial strategy constitutes mere conjecture and cannot be accorded any evidentiary weight.